UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACQUELYN A LE,<br><br>                    Plaintiff,<br><br>       v.<br><br>FIREMANS FUND INSURANCE, et. al.<br><br>                    Defendants. | CASE NO. C13-517-MJP<br><br>ORDER ON MOTIONS TO DISMISS |

This matter comes before the Court on Defendants' Randy Hess, Fireman's Fund Insurance Companies, and Barbara Christensen's unopposed motions to dismiss for lack of jurisdiction, improper venue, and failure to state a claim where relief may be granted. (Dkt. Nos. 11, 17, 33.) Having reviewed the motions and related papers, the Court GRANTS the motions and DISMISSES the case.

**Background**

Plaintiff's allegations consist of the following:

After requesting certified documentation in support of the medical trust accounting approved in the Superior Court of California County of Placer Probate Division case number SPR 5633 in connection with personal injury case number

ORDER ON MOTIONS TO DISMISS- 1

375600 in the Superior Court of California County of Orange I was denied access to the certified documents. I discovered through investigation that I was never told by my attorneys Randy M. Hess and Barbara B. Christensen the amount of the settlement I was awarded for medical and punitive damages in the Superior Court of California County of Orange case number 375600. I have never received payment of the funds awarded and approved by the court for case number 375600 heard in the Superior Court of the State of California in the County of Orange. I would like the Court to order the defendants to provide certified documentation of the court approved settlement for case number 375600 and documentation of payment of the judgment and certified documentation of disbursement of funds. I ask that the Court require the defendants to pay to me the amount I was awarded in judgment for case number 375600 in the Superior Court of California County of Orange which initially asked for $6,500,000 Six Million Five Hundred Thousand Dollars.

(Dkt. No. 7.)

**Analysis**

Defendants move for dismissal on the grounds this Court lacks jurisdiction, venue is improper, and Plaintiff fails to state a claim. (Dkt. Nos. 11, 17, 33). Because the Complaint fails to allege facts to establish this Court's subject matter jurisdiction, the Court GRANTS the motions and DISMISSES the case.

A complaint must be dismissed under Fed.R.Civ.P.12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. Baker v. Carr, 369 U.S. 186, 198 (1962); see 28 U.S.C. §§ 1331 (federal question jurisdiction); 1332 (diversity jurisdiction). When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). A federal court is presumed to lack subject

1 matter jurisdiction until plaintiff establishes otherwise. Kokkonen v. Guardian Life Ins. Co. of
2 America, 511 U.S. 375, 377 (1994). Therefore, plaintiff bears the burden of proving the
3 existence of subject matter jurisdiction. Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221,
4 1225 (9th Cir. 1989).

5 When a motion is made pursuant to Fed.R.Civ.P. 12(b)(1), plaintiff has the burden of
6 proving that the court has subject matter jurisdiction. Tosco Corp. v. Communities for a Better
7 Environment, 236 F.3d 495, 499 (9th Cir. 2001). Plaintiff must demonstrate the existence of
8 whatever is essential to federal jurisdiction, and, if plaintiff does not do so, the court, on having
9 the defect called to its attention or on discovering the defect, must dismiss the case, unless the
10 defect can be cured by amendment. Smith v. McCullough, 270 U.S. 456, 459 (1926).

11 Defendants argue dismissal is appropriate because Plaintiff fails to allege any facts to
12 invoke this Court's jurisdiction. (Dkt. No. 11 at 3.) Indeed, absent from the Complaint is any
13 basis for this Court to conclude it has jurisdiction. For example, although the complaint alleges a
14 sufficient amount in controversy ($6,500,000), the Complaint does not allege the parties are
15 diverse, as required for jurisdiction under 28 U.S.C. §1332. Nor does the Complaint, on its face,
16 raise a federal question or assert a claim against the United States. Although the motions advised
17 Plaintiff of this jurisdictional problem, she failed to respond or otherwise attempt to cure the
18 deficiencies. The Court therefore DISMISSES the case without prejudice.

**Conclusion**

20 Having determined this Court lacks jurisdiction, the Court GRANTS the motions (Dkt.
21 Nos. 11, 17, 33) and DISMISSES the case.
22 //
23 //
24

1  The clerk is ordered to provide copies of this order to all counsel.

2  Dated this <u>30th</u> day of July, 2013.

3

4

                                Marsha J. Pechman
5                                 Chief United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON MOTIONS TO DISMISS- 4